UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASSR MOHAMED, as owner of Family Food Market and co-owner of Parkview Market, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE FOOD AND NUTRITION, <br><br> Defendant. | 1:05-CV-00657-SMS <br><br> ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW (DOC. 30) <br><br> INFORMATIONAL ORDER TO PLAINTIFF <br><br> ORDER DIRECTING THE CLERK TO UPDATE THE DOCKET |

Plaintiffs are proceeding with a civil action in this Court. Plaintiffs are proceeding with a civil action in this Court. By order filed November 9, 2005, entered upon the parties' consent, Judge Anthony W. Ishii assigned this action to the undersigned Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.

On November 6, 2006, Plaintiffs' counsel filed a motion to withdraw as attorney for Plaintiffs, including a notice or motion and motion, memorandum of points and authorities, declaration of Roger K. Vehrs with attachments, and proofs of service upon the

1

parties and opposing counsel and courtesy service upon Bruce W. Leichty. Despite the passage of the time for filing opposition or any other response, neither any party nor any Plaintiff filed opposition or any form of response. By separate order the Court has vacated the hearing on the motion.

I. <u>Motion to Withdraw</u>

The grounds of the motion are that the clients have engaged in conduct that has made it unreasonably difficult to carry out the employment effectively. Plaintiff's counsel, Roger K. Vehrs, declared that he had recently spoken with Plaintiffs, who had requested to hire new counsel because of a professed lack of faith in present counsel; further, Vehrs has communicated with the attorney Plaintiffs desired to substitute in, Mr. Bruce D. Leichty, but has not succeeded in transferring the case to him. the client freely assented to termination of  a complete breakdown in the attorney-client relationship.

Local Rule 83-182(d) provides that an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. Further, it requires that the attorney provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Here, Plaintiffs' address and telephone number are stated in the moving papers.

Local Rule 83-182 further states that withdrawal of the attorney is governed by the Rules of Professional Conduct of the State Bar of California, and that the attorney shall conform to

the requirements of those Rules.

Local Rule 83-182 provides that an attorney may request withdrawal if grounds exist pursuant to the Rules of Professional Conduct of the State Bar of California. Rule of Professional Conduct 3-700(C)(1)(d) permits withdrawal if the client by his or her conduct renders it unreasonably difficult for the member to carry out the employment effectively; Rule 3-700(C)(6) permits withdrawal if the member believes in good faith in a proceeding pending before a tribunal that the tribunal will find he existence of good cause for withdrawal. Rule 3-700(A) provides in substance that a member must obtain permission to withdraw if rules of a tribunal require it; a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, promptly releasing papers and property, and complying with applicable laws and rules.

Here, Vehrs has demonstrated that his clients have refused to return his telephone calls, and they desire a new attorney. Vehrs has established the breakdown in the attorney-client relationship and that continued employment has been rendered unreasonably difficult; thus, grounds for withdrawal exist. He has notified the clients of the instant motion in writing. Further, a proof of service shows that the motion and declaration were served on November 6, 2006, on Plaintiffs at the address given. Vehrs has provided the address and telephone number of the client.

Although the deadline for dispositive motions is set for

1  February 6, 2007, Plaintiff has had ample time to seek counsel or
2  otherwise to prepare to engage in motion practice. There is no
3  indication that Plaintiffs have experienced any difficulty with
4  locating other counsel.
5      Accordingly, the motion of attorney Roger K. Vehars to
6  withdraw as attorney for Plaintiffs IS GRANTED.
7      II. <u>Updating the Docket</u>
8      Because the withdrawal of counsel results in Plaintiffs'
9  proceeding pro se in this action, the Clerk of Court IS DIRECTED
10 TO UPDATE the docket to reflect Plaintiffs' pro se status; their
11 last known address of c/o Parkview Market, 705 W. Belmont,
12 Fresno, California 93728; and their telephone number of (559)
13 266-6658.
14     III. <u>Informational Order to Plaintiffs</u>
15     **Plaintiffs ARE INFORMED that failure to take appropriate**
16 **legal action may result in serious legal consequences, and**
17 **consideration of obtaining legal assistance is strongly advised.**
18     **Plaintiffs ARE ADVISED that regardless of whether or not**
19 **Plaintiffs are represented by counsel, Plaintiffs will be**
20 **expected to comply with all the requirements and deadlines stated**
21 **in the Court's scheduling orders, including but not limited to**
22 **its order dated November 7, 2006, concerning filing of**
23 **Plaintiffs' motion for summary judgment/judgment on the**
24 **administrative record, which is due to be filed by Plaintiffs by**
25 **February 6, 2007. Plaintiffs must also comply with the pertinent**
26 **Federal Rules of Civil Procedure. As a party appearing <u>in propria</u>**
27 **<u>persona</u>, Plaintiff is also required by Local Rule 83-183(b) to**
28 **notify the Clerk and all other parties of any change of address**

4

1  or telephone number.
2       A failure to comply with an order of the Court may result in
3  a recommendation that the action be dismissed or in other
4  sanctions. Local Rule 11-110.
5  IT IS SO ORDERED.
6  Dated:    December 11, 2006              /s/ Sandra M. Snyder
   icido3                            UNITED STATES MAGISTRATE JUDGE