IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASSR MOHAMED, et.al.,<br><br>  Plaintiff,<br><br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant.<br>_____/ | CASE NO. CV-F-05-0657 SMS<br><br>ORDER ON UNITED STATES' MOTION TO DISMISS CERTAIN CLAIMS AND/OR FOR PARTIAL JUDGMENT ON PLAINTIFF'S AMENDED COMPLAINT<br>(Doc ) |

Pursuant to a notice filed on May 2, 2007, defendant United States of America moves to dismiss plaintiffs' fourth through eighth causes of action. Plaintiffs Nassar Mohamed, owner of Family Food Market, Nassar Mohammed and Nabeel Abdulla, owners of Parkview Market ("plaintiffs") filed an opposition on May 22, 2007. The United States filed its reply on June 1, 2007. The motion was heard on June 8, 2007 before the Honorable Magistrate Judge Sandra M. Snyder. Attorney Bruce Leichty appeared on behalf of plaintiffs and Brian Enos appeared on behalf of defendant. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs bring this action under 7 U.S.C. § 2023 to seek de novo review of an administrative

1

1  determination of defendant, the United States Department of Agriculture Food and Nutrition
2  ("defendant"), to disqualify plaintiffs from participating in the Food Stamp program as persons
3  authorized to redeem Food Stamps vouchers. Plaintiffs were permanently disqualified from the food
4  stamp program in accordance with Section 14A of the Food Stamp Act, as amended. Plaintiffs contend
5  that the actions leading to their disqualification were the intentional and criminal actions of one or more
6  of their employees.

7  As a result of the illegal activity, employees of plaintiffs were arrested and charged with criminal
8  acts. The Government executed a search warrant during the course of the investigation and seized
9  approximately $100,000 in cash. In March 2004, plaintiffs entered into a written settlement agreement
10 with the Government forfeiting the sum of $20,000. Plaintiffs contend that this agreement bars this
11 debarment action. Defendants contend that it does not and that the disqualification process is wholly
12 distinct from the asset forfeiture proceeding and that the administrative ruling disqualifying plaintiffs
13 should be upheld.

14 Plaintiffs filed this action on May 19, 2005. Brian Leichty substituted in as plaintiffs' counsel
15 on December 20, 2006 and on April 2, 2007, the parties stipulated to the filing of a first amended
16 complaint. The First Amended Complaint includes nine causes of action which can be categorized into
17 three groups: (1) the first through third and ninth causes of action generally challenge the USDA and
18 Food and Nutrition Service's ("FNS") administrative actions taken against them pursuant to their
19 employees' trafficking food stamps; (2) the fourth cause of action, is a constitutional challenge to a food
20 stamp regulation (7 C.F.R. § 278.6) based on an alleged lack of Congressional endorsement; and (3) the
21 fifth through eighth causes of action challenge the imposition of civil money penalties against them
22 when they transfer their stores.

23 On May 2, 2007, defendant filed the instant motion to dismiss and/or judgment on the pleadings
24 regarding the fourth through eighth causes of action based on: (1) lack of ripeness; (2) lack of subject
25 matter jurisdiction; and (3) failure to state a claim upon which relief can be granted.

26 **LEGAL STANDARD**
27 Rule 12(b)(1) of the Federal Rules of Civil Procedure governs dismissal of a case for lack of
28 jurisdiction over a case's subject matter. "A federal court is presumed to lack jurisdiction in a

particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim may be granted if the cause of action lacks a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480 1484 (9th Cir. 1995). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); see also *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

The Food Stamp Act provides for authorized stores to be disqualified (or, in exceptional circumstances, a civil monetary penalty) if any store employee accepts or uses food stamps in violation of the program. 7 U.S.C. § 2021 (a); 7 C.F.R. § 278.6(a). In the event any retail store that has been disqualified to participate in the program is sold or otherwise transferred, "the person or persons who sell or otherwise transfer ownership . . . shall be subjected to a monetary penalty in an amount established by the Secretary through regulations to reflect that portion of the disqualification period that has not yet expired. If the retail food store . . . has been disqualified permanently, the civil money penalty shall be double the penalty for a ten-year disqualification period, as calculated under the regulations issued by the Secretary." 7 U.S.C. § 2021(e); 7 C.F.R. § 278.6(f)(2).

**DISCUSSION**

**A.     Defendants' Motion to Dismiss Claim Four**

Plaintiff's Fourth Cause of Action states:

> 63.     Congress at no time conferred authority on the Department of

                Agriculture to promulgate the "transfer penalty" provisions of 7 C.F.R. Section 278.6

64.      The provisions for a "transfer penalty" found in 7 C.F.R. Section 278.6 are inconsistent with the authority conferred on the Department of Agriculture by Congress, or alternatively, unconstitutionally ambiguous and vague, in that, among other things, they appear to condition eligibility for a fine in lieu of permanent disqualification for food stamp trafficking on a set of criteria that are impossible to meet if a violation of trafficking has already been found.

Defendant contends that plaintiffs' claim that the "transfer penalty" imposed on business owners for trying to sell businesses disqualified from the Food Stamp Program by 7 C.F.R. § 278.6 is unconstitutional is not viable because the regulation was expressly authorized by Congress pursuant to 7 U.S.C. § 2021(e) and is uniformly upheld as proper by the Supreme Court and Ninth Circuit. See *Vasudeva v. United States*, 214 F.3d 1155, 1159-61 (9th Cir. 2000).

Plaintiff contends there is no ruling binding on this court which finds that 7 C.F.R. § 278.6 is constitutional as applied under the circumstances of this case. Plaintiffs do not dispute that Congress authorized and directed the Department of Agriculture to propound regulations providing for a penalty upon the transfer of a market that is the subject of a proper regulatory action. Plaintiffs' claim is that the agency lacks authority to condition eligibility for a fine in lieu of permanent disqualification on a set of criteria that are impossible to meet if a violation of trafficking has already been found. Plaintiffs argue that *Vasudeva* is a case involving the imposition of civil monetary penalties instead of permanent disqualification, whereas the case at hand involves civil monetary penalties added to permanent disqualification.

In the fourth cause of action, plaintiffs make a constitutional challenge to 7 C.F.R. § 278.6, arguing that the transfer penalty is not authorized by Congress.

"When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguous expressed intent of Congress." *Chevron, U.S.A., v. Natural Resources Defense Counsel, Inc.*, 467 U.S. 837, 842-843 (1984).

In 7 U.S.C. § 2021(e), Congress codifies the transfer penalty which 7 C.F.R. § 278.6 calculates and administers, and provides that in the event any retail food store that has been

disqualified to participate in the program is sold or otherwise transferred:

> [T]he person or persons who sell or otherwise transfer ownership of the retail food store or wholesale food concern shall be subjected to a civil money penalty in an amount established by the Secretary through regulations to reflect that portion of the disqualification period that has not yet expired. If the retail food store or wholesale food concern has been disqualified permanently, the civil money penalty shall be double the penalty for a ten-year disqualification period, as calculated under regulations issued by the Secretary.

7 U.S.C. § 2021(e)(1). The statute plainly authorizes the transfer penalty challenged by plaintiffs. The Court agrees that the *Vasudeva v. United States*, 214 F.3d 1155, 1159-61 (9th Cir. 2000) case does not address the constitutionality of the transfer penalty specifically; however, the fact remains that the statute clearly speaks to the "precise question at issue" in the challenged regulation authorizing the imposition of transfer penalties as well as the creation of regulations to calculate and impose the penalties. Accordingly, plaintiff's fourth cause of action fails as a matter of law and therefore fails to state a claim upon which relief can be granted.

At the hearing, plaintiffs' counsel argued that the statute itself was unconstitutional as well as the regulation and therefore the fourth cause of action is not precluded by *Chevron, U.S.A., v. Natural Resources Defense Counsel, Inc.*, 467 U.S. 837, 842-843 (1984). As pointed out by defendant, the fourth cause of action does not challenge the statute itself as currently plead. Accordingly, the claim shall be dismissed with leave to amend.

**B.      Defendant's Motion to Dismiss Claims Five through Eight.**

In the fifth through eighth causes of action, plaintiffs challenge the constitutionality of the regulation as imposed in this case.

Defendants argue these claims are not ripe for review in that they are constitutional challenges to the FNS's imposing civil money penalties against plaintiffs pursuant to transferring ownership of their food markets since the FNS has not imposed any "transfer penalties" on plaintiffs. Defendant contends plaintiffs have not made any allegations suggesting that they have tried to sell their businesses which might lead to the imposition of such penalties. Defendant argues plaintiffs have suffered no hardship and no controversy exists regarding possible yet thus far non-existent, transfer penalties and therefore plaintiffs' fifth through eighth causes of action are not ripe for

review.

Plaintiffs argue their injury is not speculative or contingent in that each letter at issue in this action included the following verbiage,

> [S]hould your client sell or otherwise transfer ownership of your client's retail food business before completion of the disqualification, your client will be subject to and liable for a civil money penalty in an amount to reflect that portion of the disqualification period that has not yet expired.

Plaintiffs argue the letter effectuates a disability in the right that the owner of property normally has to transfer his or her property without government interference. Plaintiffs therefore contend the penalty is the imposition of the disability itself. Plaintiffs are experiencing the equivalent of a lien or other encumbrance placed on real property which they would otherwise be able to convey or sell for a profit absent a lien tor encumbrance, except in this case, plaintiffs argue it is effectively a hidden statutory lien on their personal property. Plaintiffs point out that they have alleged that they are "trying" to sell their property (*see First Amended Complaint ¶¶ 47 - 50)* and nothing more is required under federal pleading standards.

The ripeness doctrine prevents premature adjudication. It is aimed at cases that do not yet have a concrete impact upon the parties. *Thomas v. Union Carbide Agricultural Prod. Co.*, 473 U.S. 568, 580 (1985). Inquiries into ripeness generally address two factors. First, the court assesses whether the relevant issues are sufficiently focused to permit judicial resolution without further factual development. *See Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996). Second, the court assesses the extent to which the parties would suffer any hardship by the postponement of judicial action. *Exxon Corp. v. Heinze*, 32 F.3d 1399, 1404 (9th Cir. 1994).

Administrative regulations are not ordinarily considered "ripe" for judicial review under the Administrative Procedure Act "until the scope of the controversy has been reduced to more manageable proportions and its factual components fleshed out, by some concrete action applying the regulation to the claimant's situation in a fashion that harms or threatens to harm him. *Nat'l Park Hospitality Ass'n v. Dept. of Interior*, 538 U.S. 803, 808 (2003).

Here, as alleged in the complaint, the issues are not sufficiently focused to permit judicial

1  resolution without further factual development and therefore claims five through eighth are unripe.
2  Plaintiffs allege that they have been permanently disqualified from further participation in the Food
3  Stamp Program and they have been notified that if they sell or otherwise transfer the retail food
4  businesses before completing the period of disqualification, they will be subject to a monetary
5  penalty. *First Amended Complaint*, p.9, ¶ 41.  Claims five through eight do not challenge the
6  disqualification itself but specifically challenge the "transfer penalty" as an excessive fine; an
7  unconstitutional taking; an impairment of contractual interest; and an impairment of a property
8  interest.  However, the transfers penalty has not yet been imposed and may never be.

In *Abbott Labs. v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds* by *Califano v. Sanders*, 430 U.S. 99 (1977), the Supreme Court explained that the ripeness doctrine serves "to prevent the court, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effect felt in a concrete way by the challenging parties."

Here, there is not a direct and immediate effect on the day to day business of the complaining parties.  This is not a case where, as in *Abbott Laboratories*, the plaintiff is presented with an immediate choice between foregoing potentially lawful behavior and risking prosecution.  The transfer penalty may never come to pass and even if it does, the amount of the penalty will depend on when the transfer occurs.  Until those penalties are actually imposed in a specific amount, any decision by this Court would address a purely hypothetical situation.  "Possible financial loss is not by itself a sufficient interest to sustain a judicial challenge to governmental action." *Abbott Labs. v. Gardner*, 387 U.S. at 153 87 S.Ct. At 1517.  Plaintiffs' claims five through eight are therefore unfit for judicial decision because they are contingent both upon an a decision by plaintiffs to actually transfer the retail food businesses and an administrative action not yet taken.

25  ///////////////////////
26  ///////////////
27  /////
28

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED. The fourth through eighth causes of action are dismissed. Plaintiffs are granted leave to amend the fourth cause of action. Plaintiffs shall file an amended complaint within 20 days of this Order.

**IT IS SO ORDERED.**

**Dated:    June 29, 2007**                             /s/ Sandra M. Snyder
                                                    **UNITED STATES MAGISTRATE JUDGE**