IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASSR MOHAMED, et.al., | CASE NO. CV-F-05-0657 SMS |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO DISMISS |
| vs. | (Doc 52 ) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On July 2, 2007, the Court issued an Order granting Defendant United States of America's ("Defendant") Motion to Dismiss the Fourth through Eighth causes of action and granting Plaintiffs leave to amend the Fourth cause of action. On July 12, 2007, plaintiffs Nassar Mohamed and Nabeel Abdulla, owners of Parkview Market ("Plaintiffs") filed a motion for reconsideration of the Order. The United States filed an opposition on August 17, 2007 and Plaintiffs filed a reply on August 23, 2007. The motion was heard on August 31, 2007 before the Honorable Magistrate Judge Sandra M. Snyder. Attorney Bruce Leichty appeared on behalf of Plaintiffs and Brian Enos appeared on behalf of Defendant. Having considered the moving, opposition, and reply papers, as well as the Court's file, the Court issues the following order.

///

///

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs bring this action under 7 U.S.C. § 2023 to seek de novo review of an administrative determination of defendant, the United States Department of Agriculture Food and Nutrition to disqualify Plaintiffs from participating in the Food Stamp program as persons authorized to redeem Food Stamps vouchers. Plaintiffs were permanently disqualified from the food stamp program in accordance with Section 14A of the Food Stamp Act, as amended.

During the course of an investigation of the Food Stamp activity, employees of Plaintiffs were arrested and charged with criminal acts. The Government executed a search warrant during the course of the investigation and seized approximately $100,000 in cash. In March 2004, Plaintiffs entered into a written settlement agreement with the Government forfeiting the sum of $20,000.00. Plaintiffs contend that this agreement bars the debarment action. Defendants contend that it does not and that the disqualification process is wholly distinct from the asset forfeiture proceeding and that the administrative ruling disqualifying Plaintiffs should be upheld.

Plaintiffs filed this action on May 19, 2005. Brian Leichty substituted in as Plaintiffs' counsel on December 20, 2006 and on April 2, 2007, the parties stipulated to the filing of a First Amended Complaint ("FAC"). The FAC includes nine causes of action which can be categorized into three groups: (1) the first through third and ninth causes of action generally challenge the USDA and Food and Nutrition Service's ("FNS") administrative actions taken against them pursuant to their employees' trafficking food stamps; (2) the fourth cause of action is a constitutional challenge to a food stamp regulation (7 C.F.R. § 278.6) based on an alleged lack of Congressional endorsement; and (3) the fifth through eighth causes of action challenge the imposition of civil money penalties against them when they transfer their stores.

On May 2, 2007, Defendant filed a motion to dismiss and/or judgment on the pleadings regarding the fourth through eighth causes of action based on: (1) lack of ripeness; (2) lack of subject matter jurisdiction; and (3) failure to state a claim upon which relief can be granted.

On July 2, 2007, the Court granted the motion and granted Plaintiffs leave to amend the fourth cause of action for reasons including the FAC's failure to challenge the constitutionality of the

regulation's supporting statute. The court noted that the statute (7 U.S.C. § 2021(e)(1)) clearly speaks to the precise questions at issue in the challenged regulation:

> At the hearing, plaintiffs' counsel argued that the statute itself was unconstitutional as well as the regulation and therefore the fourth cause of action is not precluded by *Chevron, U.S.A., v. Natural Resources Defense Counsel, Inc.*, 467 U.S. 837, 842-843 (1984). As pointed out by defendant, the fourth cause of action does not challenge the statute itself as currently plead. Accordingly, the claim shall be dismissed with leave to amend. Order on Motion to Dismiss, Doc. 51 at 5: 13-17.

As to the fifth through eighth causes of action which challenge the constitutionality of the regulation "as imposed" in this case, the Court held that the claims were "unfit for judicial decision because they are contingent both upon a decision by plaintiffs to actually transfer the retail food businesses and an administrative action not yet taken." Noting that the transfer penalty "may never come to pass and even if it does, the amount of the penalty will depend on when the transfer occurs," the Court granted Defendant's motion to dismiss these claims, without leave to amend.

On July 12, 2007, Plaintiffs filed the present motion for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60. Plaintiffs argue that: (1) ripeness has been statutorily determined; (2) plaintiffs should be permitted to challenge the regulation by way of their fourth cause of action; and (3) the Court's statements in the background section of the order were not accurate and could be given preclusive effect at a later date.

Defendant argues that Plaintiffs' request should be denied in that Plaintiffs fail to demonstrate that any legally cognizable basis for reconsideration exists. Defendant argues that Plaintiffs fail to show: (1) the existence of any new facts or law unavailable to them when the order was issued and warranting the order's amendment; or (2) that the order is clearly erroneous or manifestly unjust.

**LEGAL STANDARD**

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)

(quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what grounds exist for the motion."

As discussed below, Plaintiffs have failed to demonstrate sufficient grounds for reconsideration of this Court's Order.

## DISCUSSION

**A.   Ripeness**

Plaintiffs contend that in the Court made "obvious errors of law" which they had no way of knowing about until receipt of the Order. Counsel claims that he did not "believe it was necessary to argue" as to ripeness "because the Court gave every indication at oral argument that the Court would rule in favor of Plaintiffs' Opposition." Counsel apparently claims that he was "surprised" by the Court's Order. However, the surprise to counsel is attributable to his conscience decision not to respond to Defendant's ripeness argument at the hearing. Counsel's unsuccessful strategy equates to neither surprise nor mistake sufficient to entitle Plaintiffs to relief they seek.

The merits of Plaintiffs' ripeness argument is equally unavailing. Plaintiffs argue that this Court's dismissal of claims five through eight on ripeness grounds was erroneous because the court did not take into account Plaintiff's "statutory right to judicial review of the validity of the agency action in this case which <u>necessarily</u> means that their claims . . . are ripe." Plaintiffs point to the language of <u>Sections 2023(a)(1), (3) and (5)</u> which provide that after a store is "disqualified" or "subjected to a civil money penalty" the aggrieved store is entitled to a determination made by a designated administrative officer on the subject matter of the store's grievance. Section 2023(a)(13)

goes on to state, "if the store . . . feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States . . . "

Plaintiffs focus on the language of the statute which provides for judicial review but ignore the language that requires a "final determination" prior to judicial review.  As the Court previously noted and Defendant has conceded, this has not yet occurred as to the transfer penalty.  Indeed, in the FAC, Plaintiffs allege that they have been "permanently disqualified from the Food Stamp Program" (FAC ¶ 8) and further that "[t]his action was filed within 30 days of the denial by Defendant on May 11, 2005 of plaintiffs' final appeal from the permanent disqualification."  FAC ¶ 9.  No where do Plaintiffs contend that the administrative prerequisites have been met or that they have exhausted their administrative remedies as to the transfer penalty.

As pointed out by Defendants, prior to the 30 day limitations period in section 2023(13) commencing, Plaintiffs will receive a notice of administrative action, and an opportunity for a hearing.  The administrative record upon which Plaintiffs have filed the present action is limited to Plaintiffs' disqualification from the Food Stamp Program, not transfer penalties.  This is not unexpected since the transfer penalties have not yet been imposed.

The Court dismissed claims five through eight because they do not challenge the disqualification itself but specifically challenge the "transfer penalty" as an excessive fine; an unconstitutional taking; an impairment of contractual interest; and an impairment of a property interest.  The transfer penalty has not yet been imposed and therefore these claims are not ripe. Based on the Court's Order and Defendant's express representations at the hearing, Plaintiffs will have the opportunity to challenge the transfer penalty, when and if it is ever imposed.

**B.     Challenge to Regulation**

Plaintiffs next allege that the Court "overreached" in making the statement that "the transfer penalty has not yet been imposed and may never be" and "[t]here is not a direct and immediate effect on the day to day business of the complaining parties."  Plaintiffs argue the Court is obliged to assume that Plaintiffs will sell or transfer their stores.  Plaintiffs have provided no support for this argument nor have Plaintiffs presented evidence that the Court's statement is incorrect.  Moreover, Plaintiffs' FAC directly contradicts their position in the present motion:

> On or about May 11, 2005, the Administrative Review Branch upheld the penalty imposed by Officer Troups, *namely permanent disqualification* of both Parkview Market and Family Food Market from further participation in the Food Stamp Program, *without, however, alluding to the applicability of any contingent penalty upon transfer of either of the identified stores, or how such penalty would be actuated*.  FAC, ¶ 46 (emphasis added).

Plaintiffs also argue that the Court's dismissal of the fourth cause of action with leave to amend "foreclosed any attack on the regulation" and is "internally inconsistent" with its ruling regarding claims five through eight.  This argument also fails.

The Fourth Cause of Action, as pled, is admittedly a challenge to the regulation as "inconsistent with the authority conferred on the Department of Agriculture by Congress."  FAC, ¶ 64.  The Court dismissed the claim with leave to amend because the regulation is specifically authorized by 7 U.S.C. § 2021(e), where Congress codifies the transfer penalty which 7 C.F.R. § 278.6 calculates and administers.  The statute provides that in the event any retail food store that has been disqualified to participate in the program is sold or otherwise transferred:

> [T]he person or persons who sell or otherwise transfer ownership of the retail food store or wholesale food concern shall be subjected to a civil money penalty in an amount established by the Secretary through regulations to reflect that portion of the disqualification period that has not yet expired. If the retail food store or wholesale food concern has been disqualified permanently, the civil money penalty shall be double the penalty for a ten-year disqualification period, as calculated under regulations issued by the Secretary.

7 U.S.C. § 2021(e)(1).  The Court determined that the statute plainly authorizes the regulation challenged by Plaintiffs.  Should Plaintiffs want to challenge the constitutionality of the statute or the regulation on a more specific basis, they have been given leave to amend to do so.  As pled, the fourth claim is a limited one and it fails as a matter of law.

C.  **Court's "Findings"**

Finally, Plaintiffs argue that the Court made premature, inaccurate and prejudicial "findings" on criminality and illegality.  Specifically, Plaintiffs challenge the statement made by the Court in the "Factual and Procedural Background" section of the Order that "Plaintiffs contend that the actions leading to their disqualification were the intentional and criminal actions of one or more of their employees."  Order at 2:4-6.  Plaintiffs contend this is false and they do not concede that there was illegal activity in their stores.  Plaintiffs argue the statement could "arguably be given preclusive

effect at some later date."

The challenged statement is neither a "finding" nor "inaccurate." The Court obtained the challenged statement from the parties' "Summary of the Case" in their Joint Scheduling Conference Report. *See* Doc. 25 at 2:1-3. While the background statement in the Court's Order has no preclusive effect, the parties' joint statement certainly may. Plaintiffs' challenge to the Court's Order on this basis is misplaced and does not warrant amendment of the Order as requested.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. As previously ordered, Plaintiff's may file a Second Amended Complaint within 20 days of this Order. Should Plaintiffs fail to do so, Defendant shall respond to the FAC within 20 days.

**IT IS SO ORDERED.**

**Dated:    November 6, 2007**                   /s/ Sandra M. Snyder
                                                 **UNITED STATES MAGISTRATE JUDGE**