UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NASSR MOHAMED, as owner of Family Food Market and co-owner of Parkview Market, et al., | ) ) ) ) ) | 1:05-CV-00657-SMS<br><br>ORDER VACATING CROSS-MOTIONS FOR SUMMARY ADJUDICATION (DOCS. 71, 77) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE FOOD AND NUTRITION, | ) ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301. Pending before the Court are Plaintiffs' motion for summary adjudication and Defendant's cross-motion for summary adjudication relating to the fourth through sixth claims in the second amended complaint.[1] (Docs. 71, 77.)

Plaintiffs seek judicial review of Defendant's final

---

[1] The parties dispute whether or not Defendant's filings are sufficient to constitute a cross-motion for summary judgment.

1

administrative findings that Plaintiffs' markets should be disqualified from participating in the Food Stamp Program because of trafficking in food stamps that occurred in connection with the stores. (First and second claims.) Plaintiffs also seek to raise an estoppel against the Defendant from penalizing Plaintiffs because of Plaintiffs' earlier release of a claim to $20,000 taken from a store that the government sought to be forfeited. (Third claim.) Further, Plaintiffs argue that some of Defendant's regulations followed in the administrative action are ultra vires (fourth claim), and they assert on various bases the unconstitutionality of not only the penalty of disqualification that has been imposed, but also a potential but as yet undetermined monetary penalty to take effect upon a future transfer of one of the stores (fifth claim). Finally, Plaintiffs argue that they were denied procedural due process by suffering the actual and potential penalties without an opportunity to cross-examine witnesses. (Sixth claim.)

A hearing on the motions for summary adjudication was held on February 20, 2009, before the undersigned Magistrate Judge, and the Court entertained argument as well as counsel's frank and forthright discussion about the propriety and efficiency of considering the merits of these motions at this point in the case.

At the hearing the parties and the Court agreed that the claims for review of the administrative adjudication were to proceed de novo, and thus the Court's consideration of such claims was not limited to the administrative record. There was some informal discussion of the standard of review and the extent

of administrative exhaustion, and it appeared to the Court that there remain substantial disagreements concerning what particular matters are appropriately the subject of 1) the Court's consideration in connection with these motions, and 2) any future discovery to be conducted in furtherance of the Court's duty to provide de novo review.

Further, consideration of the parties' positions has informed the Court of the scope of the overall action and the interrelationship of the various claims. It has become clear that it is at least logically possible that the Court's de novo review of the facts regarding the underlying violations could result in remand or other processes that could render adjudication by the Court of some of the issues involved in these motions moot or premature. It also appears possible that additional administrative processes might be undertaken with respect to the transfer penalty, as to which significant issues remain concerning ripeness of contentions for judicial review.

The Court desires to consider and determine dispositive motions only when fully informed. Further, it is mindful of its inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). These motions were brought before any formal discovery had been conducted in this action in an effort to streamline the case; the proceedings were pursuant to the parties' stipulation, which the Court understood to include agreement on the appropriate scope of the matters to be considered by the Court on the motions.

3

1 However, in view of the nature and extent of the parties'
2 disagreement, and in view of the uncertainty of the development
3 of the case through the discovery process and consideration of
4 other claims, the Court exercises its discretion to vacate the
5 parties' cross-motions for summary judgment without prejudice to
6 refiling and renoticing the motions, with additional briefing and
7 submissions as necessary and appropriate, after discovery has
8 proceeded and further order of the Court.

10 IT IS SO ORDERED.

11 **Dated:   February 23, 2009**              /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE