UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASSR MOHAMED, as owner of Family Food Market and co-owner of Parkview Market, et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br>UNITED STATES DEPARTMENT OF AGRICULTURE FOOD AND NUTRITION,<br>　　　　　Defendant. | 1:05-CV-00657-SMS<br><br>ORDER VACATING HEARING ON PLAINTIFF'S MOTION FOR RECONSIDERATION AND DEEMING THE MATTER SUBMITTED (DOC. 89)<br><br>**Vacated Hearing Date:**<br>**June 5, 2009**<br>**Time: 9:30 a.m.**<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER VACATING HEARING ON MOTION FOR SUMMARY ADJUDICATION (DOCS. 89, 87)<br><br>ORDER SETTING INFORMAL TELEPHONIC STATUS CONFERENCE<br><br>**Date: June 29, 2009**<br>**Time: 10:30 a.m.** |

　　Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.

　　I. <u>Motion for Reconsideration</u>

　　Pending before the Court is Plaintiffs' motion for reconsideration, filed on March 5, 2009, of the court's order vacating cross-motions for summary judgment or adjudication

1

summary adjudication filed on February 23, 2009. Plaintiffs also filed a memorandum and declaration. Defendant filed a notice of non-waiver re: proper scope of judgment review in light of Court's order vacating cross-motions, in which Defendant explained that Defendant disagreed with the Court's characterization of Defendant's position on the scope of the record appropriately considered with respect to the merits of the controversy. Defendant[1] also filed a response, and Plaintiffs filed a reply along with a notice of intent to request redaction of the transcript of the argument.

### A. Vacating the Hearing on the Motion for Reconsideration

Pursuant to Rule 78-230(h) of the Local Rules of Practice for the United States District Court, Eastern District of California, the Court finds that the Plaintiffs' motion for reconsideration is a matter that may appropriately be submitted upon the record and briefs. Accordingly, the hearing on the motion, presently set for June 5, 2009, at 9:30 a.m., IS VACATED, and the matter IS DEEMED SUBMITTED to the Court for decision.

### B. Analysis

Plaintiffs make this motion pursuant to Rule 59(e). (Doc. 89, p. 4, ¶ 7.) Reconsideration under Rule 59(e) is appropriate when there are highly unusual circumstances or where the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). To avoid being frivolous,

---

[1] New counsel appears on behalf of the United States.

1  such a motion must provide a valid ground for reconsideration.
2  See, MCIC Indemnity Corp. v.Weisman, 803 F.2d 500, 505 (9th Cir.
3  1986).
4      Here, Plaintiff has not demonstrated any newly discovered
5  evidence, clear error, or intervening change in controlling law
6  that would justify a different decision.
7      Accordingly, the motion for reconsideration IS DENIED.
8      II. Informal Telephonic Status Conference
9      Based on representations of counsel concerning an agreement
10 regarding how to proceed, the Court initially permitted the
11 parties to undertake a very unusual procedure of bringing limited
12 dispositive motions before discovery had occurred. After review
13 of the moving papers and hearing the parties' argument, the Court
14 made another administrative decision in light of the parties'
15 positions and argument, and in light of the Court's fuller
16 understanding of the entire case, that it was not efficient of
17 the Court's limited resources or helpful to the Court's full,
18 informed resolution of the case on the merits to permit each
19 party to bring serial motions for summary judgment or summary
20 adjudication; rather, the parties' motions will be considered
21 more normally in due time after full discovery in the case and
22 complete briefing of all issues which the parties ultimately
23 assert entitle them to summary adjudication or summary judgment.
24 Although it may be somewhat unusual to vacate the hearing at the
25 stage at which it was undertaken by the Court, the Court does not
26 understand the effect of its ruling to be anything other than a
27 postponement of the consideration of the motions. After the
28 completion of discovery and development of all the issues, the

parties will be permitted to re-notice their motions and to have a full opportunity to supplement their filings with additional evidentiary materials and written and oral argument.[2]

In addition to working out the procedure for the summary judgment motions, it is necessary to schedule discovery, discuss anticipated disagreements regarding the scope of discovery and methods for resolving such disagreements, address an issue concerning redaction of a transcript of the hearing on the motions, and to schedule the case in general.

Accordingly, the parties ARE DIRECTED to participate in an informal telephonic status conference on June 29, 2009, and Plaintiffs ARE DIRECTED to place a conference call on June 29, 2009, at 10:30 a.m. by arranging the conference call with all other parties and directing it to Frances Robles at (559) 499-5690 at the appointed time.

IT IS SO ORDERED.

**Dated:   June 2, 2009**             /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Indeed, the Court had understood that the parties had agreed to file cross-motions for summary judgment, but the parties apparently differed regarding the agreed-upon procedure for doing so. Defendant did not separately comply with the procedural requirements of the pertinent rules for filing a motion for summary judgment, and Plaintiffs argue that they were unfairly affected by this development. The Court desires to consider each side's motion, but it will require Defendant to comply with the procedural requirements for bringing a motion. Requiring Defendant formally to bring its own motion will ensure that Plaintiff will have the benefit of all the procedural protections appropriately extended to one opposing a motion for summary judgment or adjudication, and it will contribute to the Court's orderly consideration of the parties' positions..