UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASSR MOHAMED, as owner of Family Food Market and co-owner of Parkview Market, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE FOOD AND NUTRITION, <br><br> Defendant. | 1:05-CV-00657-SMS <br><br> **ORDER DIRECTING COUNSEL TO MEET AND CONFER AND FILE, NO LATER THAN <u>JUNE 29, 2009 BY 8:00 A.M.</u>, A JOINT STATEMENT REGARDING DISCOVERY ISSUES AND SCHEDULING** |

Plaintiffs are proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.

The Court previously issued an order setting an informal telephonic status conference for June 29, 2009, at 10:30 a.m. (Doc. 101), in order to proceed with the scheduling of discovery, discussion of disagreements regarding the scope of discovery and methods for resolving such disagreements, discussion of an issue concerning redaction of a transcript, and for the scheduling of the case in general, including the continued hearing of

1

Plaintiffs' motion for summary adjudication, as well as any other anticipated dispositive motions, and trial.

After reviewing the pleadings and some of the papers submitted in connection with the previous motion, as well as considering oral argument, the Court anticipates that discovery will be needed on numerous points.  The first three claims seek de novo review; hence, it appears that discovery will be needed for those claims.

With respect to the fourth through sixth claims, the Court has not attempted to unravel the breakdown in what was perceived at some point as an agreement between counsel concerning the appropriate scope of the record for a pre-discovery motion for summary adjudication.  It is clear, however, that as of the time he filed his objection to Defendant's cross-motion, Plaintiffs' counsel did not consider that any cross-motion of Defendant's counsel would be, or would have been, truly dispositive because, as Plaintiffs' counsel stated in a letter to Defendant's counsel, he did not believe that he had all the facts needed in order to prevail on all subsidiary or alternative theories pled within the fifth claim and possibly the sixth claim, and he would insist on further discovery if he did not win his motions.  (Objection, Doc. 81, p. 5, lines 16-23.)  Plaintiffs' counsel apparently did state in the letter to Defendant's counsel that the fourth claim involved "strictly an issue of law."  (Id. ll. 18-20.)  That Defendant's counsel's understanding about the scope of any agreement differed widely from Plaintiffs' counsel's ideas is apparent from Defendant's response to Plaintiffs' submission of declarations in support of Plaintiffs' motion. (Doc. 77-2, p. 2.)

2

In summary, there appear to be disputes concerning the appropriate scope of discovery relating to all claims with the possible exception of the fourth claim.  Thus, it is possible that no discovery will be required with respect to the fourth claim, but Plaintiff still has expressed a need for facts relating to alternative or subsidiary theories plead within the fifth claim and possibly sixth claim.

Counsel are DIRECTED to meet and confer regarding all issues pertinent to discovery and the scheduling of this case and thereafter submit to the Court, no later than June 25, 2009 by 8:00 a.m., a joint statement identifying all disputed issues relating to discovery and setting forth briefly all considerations pertinent to the scheduling of the case.

IT IS SO ORDERED.

**Dated:     June 23, 2009**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE