UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASSR MOHAMED, as owner of Family Food Market and co-owner of Parkview Market, et al.,<br><br>              Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE FOOD AND NUTRITION,<br><br>              Defendant.<br>_____/ | 1:05-cv-00657-SMS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO LIMIT DISCOVERY (Doc. 111)<br><br>ORDER DIRECTING MEET AND CONFER AND FILING OF AMENDED JOINT STATEMENT REGARDING DISCOVERY ISSUES AND SCHEDULING (Doc. 107)<br>**Deadline: 10/5/09**<br><br>ORDER SETTING TELEPHONIC DISCOVERY AND SCHEDULING CONFERENCE<br>**Date: 10/15/09**<br>**Time: 10:30 a.m.** |

Plaintiffs are proceeding with a civil action in this Court. Pursuant to the parties' consent, the action has been assigned to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301 (Doc. 17).

The motion of Defendant to limit discovery in this case to the issue of trafficking came on regularly for hearing on September 4, 2009, at 9:30 a.m. in Courtroom 7 before the

Honorable Sandra M. Snyder, United States Magistrate Judge. Bruce D. Leichty appeared on behalf of Plaintiffs. Assistant United States Attorney Alyson A. Berg appeared on behalf of Defendant. After argument, the matter was submitted to the Court.

The Defendant's motion, points and authorities, declaration of Teresa Toups and exhibits thereto were filed on July 20, 2009 (Doc. 111). Plaintiffs filed opposition on August 10, 2009 (Doc. 112). Defendant filed a reply, including a declaration of Alyson A. Berg, on August 24, 2009 (Doc. 113).

I. <u>Defendant's Prayer</u>

Defendant seeks an order limiting discovery to the witnesses and documents necessary to adjudicate the validity of Food and Nutrition Services' (FNS's) finding of trafficking of food stamps by employees of Plaintiffs' retail stores Parkview Market and Family Food Market.

II. <u>Legal Standards</u>

In this action, Plaintiffs seek to strike and set aside Defendant's administrative order that permanently disqualified Parkview Market and Family Food Market from further participation in the Food Stamp/EBT program, including imposing a civil money penalty; bar Defendants from imposing on Plaintiffs, the owners, a civil money penalty to the extent that Plaintiffs sell or otherwise transfer the markets or any assets thereof to a new owner; and, costs and reasonable attorney's fees.

The action proceeds pursuant to 7 U.S.C. § 2023(a), which provides in pertinent part:

//

>    (13) If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.
>    ....
>    15) The suit in the United States district court or State court shall be a trial de novo by the court in which the court shall determine the validity of the questioned administrative action in issue, except that judicial review of determinations regarding claims made pursuant to section 2025(c) of this title shall be a review on the administrative record.
>
>    (16) If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence.

7 U.S.C. § 2023(a).[1]

Plaintiffs argue that the words of the statute permit a trial <u>de</u> <u>novo</u> with respect to both the findings of violations and the penalty. However, in this circuit, cases set forth both the standard of review, that is, the type of review undertaken by a district court, and the scope of review, that is, the extent of the evidence that will be before a district court in addition to the administrative record. In the Ninth Circuit, § 2023(a)(15) has been interpreted to require a bifurcated standard of review, meaning that in determining the validity of the agency action, that is, the finding that there were violations of the Act, there is a trial <u>de</u> <u>novo</u>; however, if the facts establish violations, then review of the sanction imposed by the FNS is under an

---

[1] Section 2025 is not applicable.

3

arbitrary and capricious standard such that the sanction will be overturned if it is found that the sanction was arbitrary and capricious, that is, if, in light of the administrative record, the agency did not properly apply the regulation, or the sanction was unwarranted in law or without justification in fact. Wong v. United States, 859 F.2d 129, 131-32 (9th Cir. 1988) (citing 7 U.S.C. § 2023(a) and Congressional intent); see, Butz v. Glover Livestock Commission Co., 411 US. 182, 185-86 (1973).

The standard has been described as meaning that once a district court finds that violations were committed, it may not overturn the sanction unless it finds that the sanction was arbitrary and capricious. Wong, 859 F.2d at 132.  Further, this determination regarding whether the sanction's severity was arbitrary and capricious is made in light of the administrative record. Wong, 859 F.2d 129, 132.[2]

With respect to the findings of violations of the Food Stamp Act subject to de novo review, Plaintiff bears the burden of demonstrating the violations of the Act did not occur. Lopez v. United States, 962 F.Supp.2d 1225, 1228 (N.D.Cal. 1997).

However, the application of this standard does not prevent de novo review of facts just because the facts are primarily relevant to the imposition of sanctions. In Wong, the district court reviewed the administrative findings de novo, took new

---

[2] With respect to the scope of the record to be considered, a trial de novo is a trial not limited to the administrative record, in which a plaintiff may offer any relevant evidence available to support his case, whether or not it has previously been submitted to the agency. Kim v. United States, 121 F.3d 1269, 1272 (9th Cir. 1997). The burden is placed on the store owner to prove by a preponderance of evidence that the violations did not occur. Id.
Once a violation is found by the reviewing court, then the review of the severity of the sanction imposed is made in light of the administrative record. Wong, 859 F.2d at 132.

4

evidence, and found by a preponderance of evidence that the grocery clerks had violated the Food Stamp Act by selling non-eligible items for food stamps, it was not the grocery's policy or practice to sell non-eligible items for food stamps, and clerical personnel committed the violations through carelessness. 859 F.2d at 132.  The United States contended that the district court incorrectly reviewed de novo whether or not the store had a practice of violations because the issue of store practice was relevant only to the determination of sanctions and was defined under the FNS guidelines for <u>sanctions</u>.  <u>Id.</u>  The court responded:

> We disagree.
>
> Under the arbitrary and capricious standard, the court examines "the sanction imposed by the FNS in light of the administrative record to judge whether the agency properly applied the regulations [and] to determine whether the sanction is 'unwarranted in law ... or without justification in fact' (citation omitted)." <u>Plaid Pantry</u>, 799 F.2d at 563. Firm practice is essentially a question of fact that must be determined before a finding can be made as to whether the sanction imposed was without justification. As such, it is subject to de novo determination by the district court.

859 F.2d at 132.

Thus, application of the arbitrary and capricious standard to penalty determinations is not necessarily inconsistent with the de novo determination of factual issues so long as the facts, once found, are then appropriately considered in the course of an analysis of whether a penalty determination based on such facts is arbitrary and capricious.  Again, in <u>Plaid Pantry Stores, Inc.</u>, 799 F.2d 560, 565 (9th Cir. 1986) (where the parties agreed upon a stipulated record for the trial), the Court considered the

5

sufficiency of the evidence and the administrative application of the penalty regulations, and determined that the agency failed to consider the plaintiff's intent as regulations required and made insufficient findings; thus, the sanction violated the service's own regulation and was unwarranted in law. Therefore, it was arbitrary and capricious. Finally, in <u>Banh v. United States</u>, 814 F.2d 1358, 1363 (9th Cir. 1987), the court reviewed for clear error the district court's factual findings concerning whether the sanction was the first one for the store and whether there was a warning (items relating to sanctions), and it also reviewed whether it was the market's practice to accept stamps for ineligible items, noting the path of analysis as including whether the factual findings concerning practice were correct and whether sanctions based thereon were arbitrary and capricious. 814 F.2d at 1362.

   Plaintiffs contend that <u>Kim v. United States</u>, 121 F.3d 1269 (9th Cir. 1997), modified the standard set forth in <u>Wong</u> and <u>Plaid Pantry</u>. In <u>Kim</u>, the court determined the constitutionality of provisions of the Act added in 1988 that gave the administrators the discretion to choose between permanent disqualification and a civil monetary penalty for trafficking, but which permitted permanent disqualification of innocent owners (i.e., owners who did not know that trafficking was occurring) if they did not have an effective anti-trafficking policy in place at the pertinent time. In the course of the constitutional analysis, the court referred to the standard of review:

//

/

6

> Any grocery store fined or disqualified under the Food Stamp Act may bring an action for judicial review challenging the penalty by filing a complaint against the United States in federal district court. 7 U.S.C. § 2023(13). The court will determine the validity of the penalty in a "trial de novo." Id. § 2023(15); Wong v. United States, 859 F.2d 129, 132 (9th Cir.1988). A trial de novo is a trial which is not limited to the administrative record-the plaintiff "may offer any relevant evidence available to support his case, whether or not it has been previously submitted to the agency." Redmond v. United States, 507 F.2d 1007, 1011-12 (5th Cir.1975). See also Sims v. United States Dep't of Agriculture Food & Nutrition Serv., 860 F.2d 858, 862 (8th Cir.1988) ("district court 'must reach its own factual and legal conclusions ... and should not limit its consideration to matters previously appraised in the administrative proceedings' ") (internal quotation marks omitted) (quoting Ibrahim v. United States, 834 F.2d 52, 53-54 (2d Cir.1987)). The burden is placed upon the store owner to prove by a preponderance of the evidence that the violations did not occur. Plaid Pantry Stores, Inc. v. United States, 799 F.2d 560, 563 (9th Cir.1986). See also Warren v. United States, 932 F.2d 582, 586 (6th Cir.1991) (citing Goodman v. United States, 518 F.2d 505, 507 (5th Cir.1975)).

Kim, 121 F.3d at 1271-72. Later, in the context of considering the owner's contention that his procedural due process rights were infringed in the course of the administrative proceeding, the court returned to these authorities:

> Nor were Kim's procedural due process rights infringed. A trial de novo, in which the existence of a violation is examined afresh, and the parties are not limited in their arguments to the contents of the administrative record, satisfies the strictures of procedural due process. See TRM, 52 F.3d at 944 ("the provision of a de novo hearing in the district court adequately protects an aggrieved store owner's procedural due process rights"); Haskell v. United States Dep't of Agriculture, 930 F.2d 816, 820 (10th Cir.1991) (the lack of an evidentiary hearing at the administrative level is not a denial of due process where there is de novo review in the district court); Ibrahim, 834 F.2d at 54 ("trial de novo provision clearly afforded full procedural due process"); Broad Street Food Market, Inc. v. United States, 720 F.2d 217, 221 (1st Cir.1983) (due process satisfied by trial de novo on the finding of a violation); Redmond, 507 F.2d at 1011-12 ("By providing the aggrieved food store

7

1
2
3
>     with a new trial where the store may introduce evidence
>     outside the administrative record, the statute also
>     protects the rights and interests of the store against
>     final adverse action without the opportunity for an
>     adversary hearing.").

4 Kim, 121 F.3d at 1274-75.  These portions of text, when
5 considered in combination with the court's citation to Wong,
6 reflect that although the court may have used imprecise or overly
7 broad language in the first section, its reference to a de novo
8 consideration of penalty did not reflect any change in the
9 standard or scope of review that had been set forth in Wong.
10 Further, the authorities cited by the court in Kim concerning
11 standard of review were generally consistent with or approved a
12 bifurcated standard.  See, Redmond v. United States, 507 F.2d
13 1007, 1011-12 (5th Cir. 1975) (proof discussed with respect to de
14 novo trial concerned whether or not the owner had allowed food
15 stamps to be used to pay for credit sales and to purchase
16 ineligible items); Sims v. U.S. Dept. of Agriculture Food &
17 Nutrition Service 860 F.2d 858 (8th Cir. 1988) (review of
18 disqualification for a practice of accepting food stamps for non-
19 food items pursuant to 7 C.F.R. § 278.6(d) and (e) was undertaken
20 using the arbitrary and capricious standard with consideration of
21 whether the agency proceeded correctly in calculating the ratio
22 of ineligible-to-eligible items (at 860-62), but the factual
23 issue of whether or not there was sufficient evidence to
24 demonstrate a practice of violating the Act was tried de novo and
25 reviewed for clear error (at 862-63); Ibrahim v. United States
26 through Dept. of Agriculture, 834 F.2d 52, 853 (2nd Cir. 1987)
27 (standard of review established by § 2023 was held to be de novo
28 and not substantial evidence, and the evidence considered related

8

to whether the store had bought food stamps from a government witness for cash); Warren v. United States, 932 F.2d 582, 586 (6th Cir. 1991) (de novo review concerned whether there was evidence of an attempt to circumvent a period of disqualification which, in turn, related to factual issues concerning whether the applicant's husband was a nominal owner and the intent in filing the application); Goodman v. United States 518 F.2d 505 (5th Cir. 1975) (recognizing that judicial review encompassed de novo review of both the findings of the violations (to be upheld unless the store owner could prove, by a preponderance of the evidence, that the agency's determination is factually incorrect), as well as the period of the sanction, a product of discretionary judgment, which was to be reviewed to see if it was arbitrary and capricious/unwarranted in law or without justification in fact).

   Plaintiffs argue that the amendment of 7 U.S.C. § 2023(a)(15) in 1988[3] changed the standard of review. Plaintiffs contend that by specifying that one type of review was on the administrative record, Congress meant to assert that other review should be completely de novo.  However, in Lopez v. United States, 962 F.Supp. 1225, 1228 (N.D.Cal. 1997), the court considered, in connection with a Rule 56(f) motion concerning a summary judgment proceeding, the plaintiff's contention that he should be allowed discovery into entrapment of employees; it was disallowed because there was no showing of any facts suggesting entrapment, not because there was any discussion or suggestion

---

[3] In Public Law 100-435, § 603, (1988) the phrase "except that judicial review of determinations regarding claims made pursuant to section 16(c) shall be a review on the administrative record" was added to § 2023(a).

9

that it was improper to consider facts outside the administrative record in connection with such an issue.  Further, with respect to the standard of review of the penalty, the court rejected an argument that anything less than de novo review of the penalty would itself be arbitrary and capricious, and stated the following:

> This court disagrees. The Food and Consumer Service's implementation of the Congressional directive does not rise to the level of being "arbitrary and capricious" as defined by the United States Supreme Court in the case on which the <u>Ghattas</u> court relied:
> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a "rational connection between the facts found and the choice made." <u>Burlington Truck Lines, Inc. v. United States</u>, 371 U.S. 156, 168, 83 S.Ct. 239, 246, 9 L.Ed.2d 207 (1962). In reviewing that explanation, we must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." <u>Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.</u>, [419 U.S. 281, 285, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974) ]; <u>Citizens to Preserve Overton Park v. Volpe</u>, [401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971) ]. Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise. <u>Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 463 U.S. 29, 43, 103 S.Ct. 2856, 2866-67, 77 L.Ed.2d 443 (1983).
>
> The regulations here give store owners ten days to document already existing policies and mail the documentation. While it might be convenient for an owner busy running a store to have more than ten days, there is nothing in the nature of drafting or copying such documents that makes a ten day limit inherently unreasonable, nor therefore the imposition of that limit "a clear error of judgment." If the regulation allowed only one day, presuming that all the required documentation would be extant and available for

> immediate mailing, then one could conclude that the agency had "entirely failed to consider an important aspect of the problem." As it is, the regulatory scheme is not arbitrary and capricious. The Ninth Circuit cases Wong and Banh are the appropriate precedent rather than Ghattas; this court reviews the sanction imposed by the agency under the arbitrary-and-capricious standard. See also Ali v. United States, 904 F.Supp. 915 (E.D.Wis.1995) (reviewing fact of the violation de novo but reviewing penalty under arbitrary-and-capricious standard); Kim v. United States, 903 F.Supp. 118 (D.D.C.1995); Commonwealth of Mass. v. United States, 788 F.Supp. 1267 (D.Mass.1992), aff'd, 984 F.2d 514 (1st Cir.), cert. denied, 510 U.S. 822, 114 S.Ct. 81, 126 L.Ed.2d 49 (1993).

Lopez v. United States, 962 F.Supp. 1225, 1231 (N.D.Cal. 1997).

Although Lopez was decided before Kim, it appears accurately to reflect the status of the law. There is no indication in Kim that the court intended to overrule or depart from the Wong standard. Further, the Wong standard has relatively recently been applied. In Vasudeva v. United States of America, 214 F.3d 1155 (9th Cir. 2000), although the main issues concerned the validity of the underlying regulations and constitutional issues, the court undertook review of the sanction of civil monetary penalties imposed for trafficking in food stamps, and determined that they were not arbitrary and capricious in the circumstances of the case because each penalty was based on the store's own food stamps profits and, as applied, did not approach the statutory maximum. 214 F.3d at 1160. Thus, the standard has been employed after the amendment in question.

In summary, it should be concluded that the cases set forth a binding interpretation of the scope and standard of review.

///

//

/

III. <u>Scope of Discovery</u>

   A. <u>Trafficking and Validity of Penalty</u>

Reference to the second amended complaint reveals that the first two claims are based on Plaintiffs' denial of trafficking in food stamps within the meaning and intent of 7 C.F.R. § 271.2 because no criminal violation was proved or could be proved and, alternatively, because any trafficking was provoked, instigated, permitted, and caused by law enforcement officers who aided and abetted the violations.

Because of the scope and standard of review, the relief Defendant seeks is too broad. Review of the findings of trafficking will require discovery of matter pertinent to the trafficking allegations. However, even review of the administrator's discretionary judgment concerning the severity of the penalty imposed, which will proceed pursuant to the arbitrary and capricious standard, may well necessitate de novo review of some facts that underlie the penalty, just as in <u>Wong</u>, there was a need to review and determine facts before it could be decided whether or not the sanction imposed was without justification.

The Court is mindful that the scope of any de novo proceeding should not be allowed to swallow the established standard for the review of the administrator's discretionary judgment concerning penalty. With respect to the factual issues that would necessitate discovery of additional evidence in the course of reviewing penalty determinations under the arbitrary and capricious standard, it is unclear exactly what the factual issues of this sort are within the framework of the pleadings in this particular case. It would depend on the pertinent

regulations and the evidence.  This has yet to be fully explored and determined.  However, it is clear that limiting discovery to the issue of trafficking would be legally incorrect.  Likewise, permitting Plaintiffs to have unrestricted discovery into all matter relating to penalty would be incorrect.

### B. Other Issues

The Court notes that the statute providing for review indicates that the trial de novo pertains to the court's determination of the validity of the questioned administrative action in issue.  7 U.S.C. § 2023(a)(15).

The second amended complaint contains other claims or issues relating to the validity of the administrative action besides those issues related to findings of trafficking and penalties. It is logical to anticipate that Plaintiffs will want to conduct some discovery in connection with these claims.

In the third claim, Plaintiffs argue that, based on a stipulated consent judgment in an earlier proceeding described as an enforcement proceeding, the United States is estopped or, alternatively, precluded by principles of res judicata, from either permanent disqualification or imposition of a prospective transfer penalty upon the sale of transfer of either business; alternatively, Plaintiffs assert that the same estoppel arises from agents of the United States (apparently through the person of former Assistant United States Attorney Kristi Kapetan, allegedly then working in the forfeiture division) colluding with Plaintiff's then-counsel (Peter Kapetan, husband of Kristi Kapetan) to lull Plaintiffs into a false belief that they had settled all further liability to the United States in connection

with any enforcement action arising out of the allegedly unlawful redemption of food stamps at their businesses.

Although these issues do not relate solely to trafficking, they are within the scope of the pleadings before the Court, and do not implicate the discretion of the agency concerning penalty, but rather go to legal or equitable considerations regarding the fairness and validity of the administrative action.  Defendant has not established that review of these issues is limited to the administrative record such that discovery should be foreclosed.

Further, in the fourth and fifth claims, Plaintiffs challenge 7 C.F.R. § 278.6 and, specifically, § 278.6(i), the regulation which provides for the transfer penalty, as <u>ultra vires</u>, and contend that 7 U.S.C. § 2021(e)(1), the provision providing for the penalty, is unconstitutional as a taking of property without just compensation in violation of the Fifth Amendment of the Constitution, a denial of substantive due process and procedural due process under the Fifth Amendment, and an excessive fine within the meaning of the Eighth Amendment. (SAC ¶¶ 73-77.)  In the sixth claim, it is alleged that the procedure of having an administrative hearing without the opportunity for affected business owners to testify orally or for cross-examination of Defendant's agents or employees making statements about the existence of trafficking violations, a process that is authorized by 7 C.F.R. § 279, is, as to Plaintiffs, who have not had an opportunity to testify directly in the underlying administrative proceeding, a denial of procedural due process under the Fifth Amendment.  (SAC ¶¶ 46, 78-79.)

14

These constitutional issues are within the scope of the pleadings.  Defendant has not established that consideration of these issues is limited to the administrative record such that discovery should be foreclosed.  Further, the Court notes the suggestion that the scope of review in this action may bear some relationship to the requirements of procedural due process.

IV. Disposition

Defendant has established that Plaintiffs are not entitled to unlimited discovery with respect to the administrative penalty imposed, although some discovery is granted with respect to some facts upon which the penalty was based in connection with review of the penalty determination under the arbitrary and capricious standard.  However, Defendant has not established that discovery for de novo review should be limited solely to the finding of trafficking.

Accordingly, Defendant's motion to limit discovery to the issue of the finding of trafficking is DENIED.

V. Directions to the Parties concerning Discovery

In the briefing and at argument on the motion, the parties referred to discovery having been sought and having been the subject of agreement in this action, but the parties agreed that the propriety of any particular discovery request or proceeding was not before the Court on this motion; rather, the only issue before the Court was whether or not the scope of discovery should be limited as sought by Defendant.

Therefore, no decision is made with respect to the ripeness or justicability of any claim in the present pleadings concerning a transfer penalty, or the propriety of any particular

deposition.  However, in view of the present ruling, it is not tenable for Defendant to continue to attempt to limit depositions to persons who have personal knowledge of trafficking.

Further, the Court desires the swift progress of the case through the discovery phase so that the hearing of Plaintiff's previously filed motion for summary adjudication may be completed, other dispositive motions may be considered in due course but without necessary delay, and all necessary proceedings on the merits may be completed.

To that end, counsel are DIRECTED to meet and confer concerning a proposed amended discovery schedule, whether discovery should occur in phases, and the scheduling of the case, including whether the previously suggested date of April 15, 2010, for filing dispositive motions (Jt. Stmt. re: Discovery Issues & Sched., filed July 1, 2009, Doc. 107, p. 5) remains tenable, and file an Amended Joint Statement Regarding Discovery Issues And Scheduling ( see Doc. 107) by **October 5, 2009.**

Counsel are DIRECTED to participate in a scheduling conference on **October 15, 2009 at 10:30 a.m.** before Judge Snyder.

IT IS SO ORDERED.

**Dated:    September 15, 2009**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE